# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **LEBARRON E. CHATMAN** | § | **PETITIONER** |
| v. | § CIVIL ACTION NO. 1:08CV198-LG-RHW | |
| **STATE OF MISSISSIPPI and RONALD KING** | § | **RESPONDENTS** |

## ORDER ADOPTING PROPOSED FINDINGS OF FACT AND RECOMMENDATION

**BEFORE THE COURT** are the Proposed Findings of Fact and Recommendation [21] entered by United States Magistrate Judge Robert H. Walker on May 25, 2010. Judge Walker recommends that the Petition for Writ of Habeas Corpus [5] and Motion to File Supplemental Brief [18] filed by Lebarron E. Chatman be denied. Chatman has filed objections to the Proposed Findings of Fact and Recommendation. Upon reviewing the record in this matter and the applicable law, the Court finds that the Proposed Findings of Fact and Recommendation should be adopted as the opinion of this Court.

### DISCUSSION

On July 28, 2004, Chatman was convicted of depraved heart murder, and he was sentenced to life imprisonment for the shooting death of Anthony James. At the time of James' death, Chatman and two other individuals were attempting to recover a debt that James owed to Chatman's girlfriend. At trial, Chatman testified that he believed that one of the individuals accompanying James began to draw a weapon. However, that individual claimed that he had grabbed a brick rather than a gun. Chatman asserted that he fired warning shots to prevent that individual from shooting at him, but James ran into the line of fire and was killed.

Chatman appealed his conviction, which was affirmed by the Mississippi Court of

Appeals on July 25, 2006. He then filed a pro se application with the Mississippi Supreme Court for leave to proceed in the trial court on a motion for post-conviction collateral relief, which was denied. The Court held that most of the issues raised by Chatman were procedurally barred and that his claims of ineffective assistance of counsel and newly discovered evidence were without merit. On May 19, 2008, Chatman filed a Petition for Writ of Habeas Corpus, which he amended on June 6, 2008. He raises the following issues:

> (1) he was indicted for deliberate design murder, but the Court accepted a jury instruction concerning depraved heart murder;
>
> (2) the Court did not ask whether either party would like to poll the jury;
>
> (3) the prosecutor referred to him as a "gangbanger" during closing arguments; and
>
> (4) his counsel was ineffective by failing to strike a juror whose sister had been murdered, by failing to object to the bailiff's contact with jurors on grounds that the bailiff was related to a juror and to the sheriff, by failing to request a change of venue, by failing to request that the jury be sequestered, by failing to object to an expert's testimony regarding gunshot residue, and by failing to call Daniel Cockerham as a witness to identify the shooter.

Judge Walker recommends that habeas relief be denied regarding grounds one and three because those issues were adjudicated on the merits in state court and Chatman has failed to demonstrate that the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d). With regard to ground one, which concerns the jury instruction for depraved heart murder, Chatman objects, arguing that Mississippi law is flawed. He argues that he acted in self-defense and that the evidence did not support a conviction for depraved heart murder. He now claims that his conduct was actually culpable negligence manslaughter, since he contends he was attacked and acted in self-defense. He also argues that the State relied on perjured testimony at trial concerning the type of weapon

that was drawn by James' friend prior to the shooting. This Court finds that Judge Walker and the Mississippi Court of Appeals properly determined that depraved heart murder and deliberate design murder have been coalesced by the Mississippi courts, because "[e]very murder done with deliberate design to effect the death of another human being is by definition done in the commission of an act imminently dangerous to others and evincing a depraved heart, regardless of human life." *Readus v. State*, 997 So. 2d 941, 943-44 (¶9) (Miss. Ct. App. 2008). Therefore, the jury instruction on depraved heart murder was properly presented to the jury.

Furthermore, Chatman's argument that his crime was merely culpable negligence manslaughter is without merit. "Depraved heart murder and culpable negligence manslaughter are distinguishable simply by degree of mental state of culpability. In short, depraved heart murder involves a higher degree of recklessness from which malice or deliberate design may be implied." *Westbrook v. State*, 29 So. 3d 828, 837 (¶41) (Miss. Ct. App. 2009) (quoting *Windham v. State*, 602 So. 2d 798, 801 (Miss. 1992)). As the Mississippi Court of Appeals held, "Although Chatman claimed that he did not intend to shoot anyone, he did shoot into a home where people were present, which is a textbook example of depraved heart murder." *Chatman v. State*, 952 So. 2d 945, 948 (¶ 8) (Miss. Ct. App. 2006) (citing *Windham*, 602 So. 2d at 802). The testimony given at trial indicated that Chatman and his two accomplices went to James' home on two occasions asking him to repay a debt owed to Chatman's girlfriend. On the second visit, one of Chatman's accomplices pulled a gun from the trunk of the vehicle. Chatman admitted at trial that he fired the gun after he believed that one of James' friends made a motion that resembled pulling a weapon. He claimed that James ran into the line of fire and was shot. Chatman's own testimony refutes his current assertions that he was attacked and that he was standing on the

street "doing nothing" when the shooting occurred. As a result, the Court finds that Judge Walker's recommendation that habeas relief be denied with regard to ground one should be adopted as the opinion of this Court.

As to ground three, Chatman argues that the "gangbanger" comment inflamed the jury and that the only basis for that statement concerned one of Chatman's co-defendants who was tried separately. This Court agrees with the Mississippi Court of Appeals and Judge Walker's determination that the "gangbanger" comment did not sway the jury's ultimate decision. Chatman's own testimony at trial as well as the testimony of a witness to the shooting supported the jury's determination that Chatman was guilty of depraved heart murder. As a result, Judge Walker's recommendation is adopted as the opinion of this Court.

Judge Walker also recommended that habeas relief be denied as to ground two because that argument is procedurally barred by Miss. Code Ann. § 99-29-21(1) due to the fact that Chatman failed to raise the issue at trial or on direct appeal. Chatman counters that his attorney decided what issues to appeal and that the Mississippi Supreme Court had an opportunity to rule on this issue when he filed his PCCR motion. Nevertheless, the Fifth Circuit has held that Miss. Code Ann. § 99-39-21(1) is an independent and adequate state procedural bar to habeas relief, and Chatman has not demonstrated actual prejudice resulting from this bar. *See Stokes v. Anderson*, 123 F.3d 858, 860-61 (5th Cir. 1997). Therefore, Judge Walker's recommendation regarding this ground is adopted as the opinion of this Court.

Judge Walker also determined that Chatman's ineffective assistance claim, which was included in ground four, was not exhausted and is thus barred from habeas review pursuant to Miss. Code Ann. § 99-39-27(9) and *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). In

response, Chatman argues that his attorney committed a multitude of errors and was thus ineffective. He questions how many errors an attorney must make in order to be considered ineffective, but he does not dispute Judge Walker's determination that the ineffective assistance claim is barred from federal habeas review. As a result, the Court finds that Judge Walker's recommendation that habeas relief be denied with regard to this ground should be adopted as the opinion of this Court.

Finally, Judge Walker recommended that Chatman's Motion to File a Supplemental Brief regarding his counsel's failure to call Daniel Cockerham as a witness should be denied. Cockerham had given a statement to police in which he claimed that a man fitting the description of Chatman's co-defendant, Timothy Lee McGilvary, shot Anthony James. At the time of the shooting, Cockerham was underneath a house and was only able to see the lower legs of the men involved in the incident. Judge Walker noted that only Chatman's hands tested positive for particles indicative of gunshot residue. In addition, Chatman testified at trial and admitted that he shot James. Chatman has not objected to Judge Walker's recommendation that the Motion to File a Supplemental Brief be denied. In addition, Chatman's objections to Judge Walker's other recommendations indicate that he still admits that he shot James. As a result, the Court finds that Judge Walker's recommendation that the Motion be denied should be adopted as the opinion of this Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Proposed Findings of Fact and Recommendation [21] entered by United States Magistrate Judge Robert H. Walker on May 25, 2010, are **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Petition for Writ of Habeas

Corpus [5] and Motion to File Supplemental Brief [18] filed by Lebarron E. Chatman are

**DENIED**. Chatman's Petition for Writ of Habeas Corpus is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 18th day of June, 2010.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge
